**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1238-WJM-KMT

NEWELL RECYCLING, LLC, a Georgia limited liability company,

    Plaintiff,

v.

DC BRANDS INTERNATIONAL, INC., a Colorado corporation; and
RICHARD J. PEARCE, an individual,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANTS**

---

Plaintiff Newell Recycling, LLC ("Plaintiff") brings this action against DC Brands International, Inc. ("DC Brands") and Richard J. Pearce ("Pearce") (together, with DC Brands, the "Defendants") alleging breach of certain promissory notes and guarantees. (ECF No. 1.)  Before the Court is Plaintiff's Motion for Entry of Default Judgment Against Defendants (the "Motion").  (ECF No. 17.)  For the following reasons, the Motion is denied.

## I.  BACKGROUND

Plaintiff initiated this action by filing a Complaint on May 9, 2013.  (Compl. (ECF No. 1).)  The Complaint alleges that on or about June 1, 2011, DC Brands entered into two Promissory Notes, each in the original principal amount of $375,000, one payable to Louis "Chip" Shirley ("Shirley") (the "Shirley Note"), and the other payable to Robert Ward ("Ward") (the "Ward Note") (together, the "Notes").  (Compl. ¶¶ 9, 11; ECF Nos. 1-

1, 1-2.) The Shirley Note was partially guaranteed by Pearce pursuant to a Guaranty dated June 1, 2011, executed by Pearce in his individual capacity (the "Shirley Guaranty"). (Compl. ¶ 13; ECF No. 1-3.) Similarly, the Ward Note was partially guaranteed by Pearce pursuant to a Guaranty dated June 1, 2011, executed by Pearce in his individual capacity (the "Ward Guaranty") (together, with the "Shirley Guaranty," the "Guarantees"). (Compl. ¶ 15; ECF No. 1-4.) On or about December 31, 2011, Shirley and Ward conveyed, transferred and assigned all of their rights, title and interests in and to the Notes and Guarantees, to Plaintiff, who is the current holder of the Notes and Guarantees. (Compl. ¶ 19.) Plaintiff alleges that Defendants have failed and refused to pay any amount past due and owing under the Shirley Note and the Ward Note. (Compl. ¶ 23.)

Plaintiff brings claims for breach of the Notes against DC Brands and breach of the Guarantees against Pearce. (Compl. ¶¶ 24-49.) Plaintiff seeks the following damages: (1) $750,000 for the principal amount of both Notes; (2) $625,000 for the principal amount of both Guarantees; (3) accrued interest on the Notes and Guarantees; and (4) all costs of collection, including attorneys' fees. (ECF No. 17 at 4, 5.)

Between May 21, 2013 and May 25, 2013, both Defendants were served with a Summons and a copy of the Complaint. (ECF Nos. 7, 8.) After Defendants failed to answer or otherwise defend against this action, upon Plaintiff's Motion, the clerk entered default against both Defendants. (ECF No. 13.) Plaintiff filed its Motion for Entry of Default Judgment Against Defendants on August 22, 2013. (ECF No. 17.) On March 3, 2014, the Court ordered Plaintiff to submit supplemental briefing explaining how Plaintiff

`Case 1:13-cv-01238-WJM-KMT   Document 23   Filed 03/24/14   USDC Colorado   Page 3 of 6`

is entitled to the ful amount due under the Notes when the maturity date on the Notes has not Passed and the Notes do not contain acceleration clauses. (ECF No. 20.) Plaintiff submitted the supplemental briefing on March 10, 2014 (the "Supplemental Brief"). (ECF No. 22.)

The Court has reviewed the Motion, the exhibits and affidavits, and the applicable law, and is sufficiently advised on the issues involved.

## II.  LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotation marks and citation omitted).

Further, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted). Before granting a motion for default judgment, the Court must take several steps.   First, the Court must ensure that it has personal jurisdiction over the defaulting Defendants and subject matter over the action.

*See Williams v. Life Sav. & Loan*, 802 F .2d 1200, 1202-03 (10th Cir. 1986).  Next, the Court should consider whether the well-pleaded allegations of fact which are deemed admitted by a defendant in default support a judgment on the claims against the defaulting defendants.  *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted).  "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages.  *See* Fed. R. Civ. Pro. 55(b)(2).  Generally, a damages hearing is not needed when the damages requested are for a sum certain. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006).

### III.  ANALYSIS

**A.     Jurisdiction**

The Court finds that jurisdiction exists in this case pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs.  Pearce resides in Texas, and DC Brands is registered to do business in Colorado.  (Compl. ¶¶ 3-4.)  Accordingly, the Court finds that it has personal jurisdiction over all Defendants.

**B.     Default Judgment for Sum Certain Damages**

The Court finds that a default judgment should not be entered at this time for the damages that Plaintiff seeks. Actual proof must support any default judgment for money damages. *See Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). Moreover, the amount of damages must be ascertained before a final default judgment can be entered against a party. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465–66 (1983)).

Here, Plaintiff is seeking damages in the full principal amount of the Notes, which will not mature until June 1, 2014. (ECF Nos. 17 at 4-5, 1-1, 1-2.) The Notes do not contain acceleration clauses. (ECF Nos. 1-1, 1-2.) Plaintiff has not shown its entitlement to the principal amounts on the Notes that are not yet due[1] and has, therefore, failed to prove its damages. *See Klapprott v. United States*, 335 U.S. at 611-12.

### IV. CONCLUSION

Accordingly, Plaintiff's Motion for Entry of Default Judgment (ECF No. 17) is DENIED WITHOUT PREJUDICE to refiling same subsequent to the date of maturity of the Notes on June 1, 2014.[2]

---

[1] The Court ordered Plaintiff to submit supplemental briefing to explain how Plaintiff is entitled to the full amount due under the Notes. (ECF No. 20.) The Supplemental Brief stated that Plaintiff is entitled to full damages because Defendants anticipatorily breached the Notes and Guarantees. (ECF No. 22.) The Supplemental Brief does not answer the Court's question, however, of how Plaintiff is entitled to full damages on the Notes when the Notes do not contain acceleration clauses and the maturity date on the Notes has not yet passed.

[2] Since the Court has determined that Plaintiff has not proved its damages, it will postpone its determination of whether Plaintiff's "unchallenged facts constitute a legitimate basis for the entry of a judgment." *See Fed. Fruit*, 2009 WL 765872, at *3.

Dated this 24th day of March, 2014.

                                              BY THE COURT:

                                              William J. Martínez
                                              United States District Judge