**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1238-WJM-KMT

NEWELL RECYCLING, LLC, a Georgia limited liability company,

    Plaintiff,

v.

DC BRANDS INTERNATIONAL, INC., a Colorado corporation; and
RICHARD J. PEARCE, an individual,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANTS**

---

Plaintiff Newell Recycling, LLC ("Plaintiff") brings this action against DC Brands International, Inc. ("DC Brands") and Richard J. Pearce ("Pearce") (together, the "Defendants") alleging breach of certain promissory notes and guarantees. (ECF No. 1.) Before the Court is Plaintiff's Amended Motion for Entry of Default Judgment Against Defendants (the "Motion"). (ECF No. 24.) For the following reasons, the Motion is granted.

## I. BACKGROUND

Plaintiff initiated this action by filing a Complaint on May 9, 2013. (Compl. (ECF No. 1).) The Complaint alleges that on or about June 1, 2011, DC Brands entered into two Promissory Notes, each in the original principal amount of $375,000, one payable to Louis "Chip" Shirley ("Shirley") (the "Shirley Note"), and the other payable to Robert

Ward ("Ward") (the "Ward Note") (together, the "Notes").[1]  (Compl. ¶¶ 9, 11; ECF Nos. 1-1, 1-2.)  The Shirley Note was partially guaranteed by Pearce pursuant to a Guaranty dated June 1, 2011, executed by Pearce in his individual capacity (the "Shirley Guaranty").  (Compl. ¶ 13; ECF No. 1-3.)  Similarly, the Ward Note was partially guaranteed by Pearce pursuant to a Guaranty dated June 1, 2011, executed by Pearce in his individual capacity (the "Ward Guaranty") (together, with the "Shirley Guaranty," the "Guarantees").  (Compl. ¶ 15; ECF No. 1-4.)  On or about December 31, 2011, Shirley and Ward conveyed, transferred, and assigned to Plaintiff all of their rights, title, and interests in and to the Notes and Guarantees.  (Compl. ¶ 19.)  Plaintiff is, therefore, the current holder of the Notes and Guarantees.  (Compl. ¶ 19.)  Plaintiff alleges that Defendants have failed and refused to pay any amount past due and owing under the Shirley Note and the Ward Note.  (Compl. ¶ 23.)

Plaintiff brings claims for breach of the Notes against DC Brands and breach of the Guarantees against Pearce.  (Compl. ¶¶ 24-49.)  Plaintiff seeks the following damages: (1) $750,000 for the principal amount of both Notes; (2) $625,000 for the principal amount of both Guarantees; (3) accrued interest on the Notes and Guarantees; and (4) all costs of collection, including attorneys' fees.  (ECF No. 17 at 4, 5.)

Between May 21, 2013 and May 25, 2013, both Defendants were served with a

---

[1] The facts pled in the Complaint are deemed admitted because both Defendants are in default.  *See United States v. Carter*, 2012 WL 639316, at *1 (D. Colo. Feb. 28, 2012) ("[U]pon the entry of default against defendants, the well-pleaded allegations in the complaint are deemed admitted.").

Summons and a copy of the Complaint. (ECF Nos. 7, 8.) After Defendants failed to answer or otherwise defend against this action, upon Plaintiff's Motion, the Clerk entered default against both Defendants. (ECF No. 13.) Plaintiff filed a Motion for Entry of Default Judgment Against Defendants on August 22, 2013 (the "Original Motion"). (ECF No. 17.) On March 3, 2014, the Court ordered Plaintiff to submit supplemental briefing explaining how Plaintiff was then entitled to the full amount due under the Notes, when the maturity date on the Notes had not then passed, and the Notes do not contain acceleration clauses. (ECF No. 20.) Plaintiff submitted the supplemental briefing on March 10, 2014 (the "Supplemental Brief"). (ECF No. 22.)

On March 23, 2014, the Court denied the Original Motion, finding that Plaintiff had not shown its entitlement to the principal amounts on the Notes that had not yet become due and had, therefore, failed to prove its damages. (ECF No. 23.) The Court instructed Plaintiff to re-file its Motion for Default subsequent to the date of maturity of the Notes on June 1, 2014. (*Id.* at 5.) On June 6, 2014, Plaintiff filed the instant Motion. (ECF No. 24.)

## II.  LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay

and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotation marks and citation omitted).

Further, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted). Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendants and subject matter jurisdiction over the action. *See Williams v. Life Sav. & Loan*, 802 F. 2d 1200, 1202-03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact, which are deemed admitted by a defendant in default, support a judgment on the claims against the defaulting defendants. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages. *See* Fed. R. Civ. Pro. 55(b)(2). Generally, a damages hearing is not needed when the damages

requested are for a sum certain. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006).

### III. ANALYSIS

**A.   Jurisdiction**

The Court finds that jurisdiction exists in this case pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a Georgia corporation, Pearce resides in Texas, and DC Brands is registered to do business in Colorado. (Compl. ¶¶ 2-4.) Accordingly, the Court finds that it has personal jurisdiction over all Defendants.

**B.   Plaintiff's Claims**

Plaintiff brings claims for breach of the Notes against DC Brands and breach of the Guarantees against Pearce. (Compl. ¶¶ 24-49.) The elements for a breach of contract claim in Colorado[2] are: (1) existence of a contract; (2) performance by plaintiff or some justification for nonperformance; (3) failure to perform contract by defendants; and (4) damages to plaintiff. *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Taking the facts pled in Plaintiff's Complaint as true, the Court finds that Plaintiff has established that DC Brands breached the Notes and Pearce breached the Guarantees. Plaintiff has shown that a business loan was executed; DC Brands signed the Notes and Pearce signed the Guarantees; the rights, title, and interests in the Notes and Guarantees were transferred to Plaintiff; neither DC Brands nor Pearce have made

---

[2] Because the Court has diversity jurisdiction over this matter, it applies Colorado law to Plaintiff's claims. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

any payments of principal, interest, or otherwise pursuant to the Notes or the Guarantees; and Plaintiff has suffered damages as a result of Defendant's actions. Therefore, the Court finds that Plaintiff is entitled to recover damages on its claim for breach of the Notes and Guarantees.

### C.    Default Judgment for Sum Certain Damages

The Court finds that a default judgment should be entered for the sum certain damages that Plaintiff seeks. Actual proof must support any default judgment for money damages. *See Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). Moreover, the amount of damages must be ascertained before a final default judgment can be entered against a party. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465–66 (1983)). Here, Plaintiff has supplied an affidavit showing that it is entitled to recover $750,000.00 for the principal amount of the Notes, plus pre-judgment interest in the amount of $270,000.00 through June 1, 2014. (ECF No. 24-2 ¶ 10.) The affidavit also shows that Pearce is liable under the Guarantees for $625,00.00. (*Id.* ¶ 11.) The Court will direct that judgment be entered in these amounts.

### D.    Attorneys' Fees and Costs

Plaintiff also seeks an award of attorneys' fees, costs, and expenses. (ECF No. 1 p 9.) Federal Rule of Civil Procedure 54(d) provides that costs, other than attorney fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs. Plaintiff, however, has not requested a specific amount of attorneys' fees. Plaintiff has also failed to submit the

necessary documentation supporting its request for attorneys' fees. Therefore, the Court declines to rule on Plaintiff's request for attorneys' fees and costs at this time, but will permit Plaintiff time to file the appropriate documentation.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Amended Motion for Entry of Default Judgment Against Defendants (ECF No. 24) is GRANTED;

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendants DC Brands International, Inc. and Richard J. Pearce in the following amounts:

    a. Defendant DC Brands International, Inc. is liable for the principal amount of $750,000.00, plus $270,000.00 in pre-judgment interest, for a total amount of $1,020,000.00. Of that amount, Defendant Richard J. Pearce shall be jointly and severally liable for $650,000.00; and

3. Plaintiff may submit a request for attorneys' fees and costs, along with the appropriate supporting documentation, on or before August 22, 2014.

Dated this 5th day of August, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge