**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1238-WJM-KMT

NEWELL RECYCLING, LLC, a Georgia limited liability company,

    Plaintiff,

v.

DC BRANDS INTERNATIONAL, INC., a Colorado corporation; and
RICHARD J. PEARCE, an individual,

    Defendants.

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF COSTS**

Plaintiff Newell Recycling, LLC ("Plaintiff") brings this action against DC Brands International, Inc. ("DC Brands") and Richard J. Pearce ("Pearce") (together, the "Defendants") alleging breach of certain promissory notes and guarantees. (ECF No. 1.) Before the Court is Plaintiff's Motion for Attorneys' Fees and Reimbursement of Costs (the "Motion"). (ECF No. 27.) For the following reasons, the Motion is granted.

## I. BACKGROUND

Plaintiff initiated this action by filing a Complaint on May 9, 2013. (ECF No. 1.) Both Defendants were duly served with a Summons and a copy of the complaint. (ECF Nos. 7, 8.) After Defendants failed to answer or otherwise defend against this action, upon Plaintiff's Motion, the Clerk entered default against both Defendants. (ECF No. 13.) On June 6, 2014, Plaintiff filed an Amended Motion for Entry of Default Judgment Against Defendants (the "Motion for Default"). (ECF No. 24.) The Court granted the

Motion for Default on August 5, 2014.[1] (ECF No. 25.) In the Court's Order, it noted that, although Plaintiff was seeking an award for attorneys' fees, costs, and expenses, Plaintiff had not requested a specific amount of attorneys' fees or submitted the necessary documentation supporting its request. (*Id.* at 6-7.) The Court, therefore, declined to rule on the request for attorneys' fees and costs until Plaintiff filed the appropriate documentation. (*Id.* at 7.) On August 15, 2014, Plaintiff filed the instant Motion. (ECF No. 28.)

## II. ANALYSIS

Rule of Civil Procedure 54(d) provides that costs, other than attorney fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs. Additionally, under the terms of the notes and guarantees at issue in the complaint, Defendants agreed to "pay all reasonable costs of collection, including attorneys' fees[.]"[2] (ECF Nos. 1-1 ¶ 5, 1-2 ¶ 5.)

Plaintiff seeks attorneys' fees in the amount of $32,075.00, which is 59.40 hours at the partner rate of $350.00 per hour, 5.5 hours at the partner rate of $325.00 per hour, 18.5 hours at the partner rate of $295.00 per hour, and 20.2 hours at the associate rate of $200.00 per hour. (ECF No. 28-1 at 3.)

In the Court's view, the hourly rates for Plaintiff's counsel are reasonable, but the

---

[1] Plaintiff notes that the Order Granting Plaintiff's Amended Motion for Entry of Default Judgment Against Defendants contains a typographical error in the conclusion section, which resulted in an error in the Final Default Judgment. (ECF No. 28 at 2 n.1.) The Court will remedy this error in an amended default judgment.

[2] This provision of the notes takes this case out of the normal "American Rule", which provides that "the prevailing litigant is ordinarily not entitled to reasonable attorneys' fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 247 (1975).

total amount of hours spent by Plaintiff's counsel, on a case that was decided by default judgment, appears somewhat high.  First, the time sheets show that most of the work on the case, including the drafting of the complaint, motion for entry of default and default judgment, affidavit in support of motion for default judgment, notice of appearance, and amended motion for entry of default judgment, was completed by Mr. Gregory R. Crochet, Esq., an attorney with over thirty years of experience.  (ECF No. 28-1 at 1-3, 3-11.)  Some of these tasks were routine filings that should easily and ordinarily been performed by junior associates charging much lower hourly rates.  Instead, Mr. Crochet spent over 59 hours on the case, and incurred almost $21,000 in legal fees.  (*Id.* at 12.)

Second, there is little legal research in the legal services rendered to Plaintiff.  This shows the routine nature of the work and the chances of it being completed with some level of efficiency.  It also suggests that counsel is well-versed in the law.  A review of the time sheets show that a majority of the time spent was devoted to routine e-mail exchanges and reviewing documents.  (ECF No. 28-1 at 6-17.)  The Court, therefore, in its discretion, subtracts 20 percent (20%) from the total hours expended by each of Plaintiff's counsel.  See *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (explaining that the "district court need not identify and justify every hour allowed or disallowed" in the assessment of attorneys' fees); *Plummer v. Chemical Bank*, 592 F.Supp. 1168, 1172 (S.D.N.Y. 1984) (reducing by 50% the hours claimed by the prevailing party after finding "considerable inefficiencies and duplication of effort" which included, *inter alia*, "partners doing work easily and ordinarily performed by junior associates").

Plaintiff also seeks an award of $787.91 in costs—$400.00 for federal court filing fees, $45.00 to effectuate service on the Defendants, and $342.91 on other miscellaneous costs.  (*Id.* at 4.)  The Court finds that this amount is reasonable and that Plaintiffs have established that they are entitled to recover this amount.

In sum—and taking into account the 20% deduction—an award for attorneys' fees amounts to $25,660.  Costs for filing the complaint, service, and other miscellaneous costs amount to $787.91.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Attorneys' Fees and Reimbursement of Costs (ECF No. 28) is GRANTED;

2.  Plaintiff is entitled to and is hereby awarded $25,660 in attorney's fees and costs of $787.91; and

3.  The Amended Default Judgment should be amended to reflect that Defendant Richard J. Pearce shall be jointly and severally liable for $625,000.00.

Dated this 28th day of October, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge